# Exhibit A

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*

*Attorneys for Plaintiff and the Alleged Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LORETTA WILLIAMS,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AFTHA, LLC**, a Florida limited liability company, and **MARK BENYAMINOV**, an individual,<br><br>Defendants. | Case No. 3:22-cv-03790-TLT<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Loretta Williams ("Williams" or "Plaintiff") brings this First Amended Class Action Complaint ("Complaint") against Defendants AFTHA, LLC ("AFTHA") and Mark Benyaminov ("Benyaminov", and collectively with AFTHA, "Defendants") to: (1) stop Defendants' practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendants' conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees.

2. Plaintiff, for her complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief,

1

1 including investigation conducted by her attorneys.

2     3. The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.* prohibit companies, such as Defendants, from placing calls using "an artificial or prerecorded voice" ("prerecorded calls") to telephones without first obtaining consent.

    4. Defendants have violated, and continue to violate, the TCPA and its regulations by placing prerecorded calls to telephone subscribers who have not expressly consented to receiving such calls. That is, in an effort to obtain leads for their services, Defendants made (or directed to be made on their behalf) prerecorded calls to the telephones of Plaintiff and other members of the alleged class without first obtaining express consent to do so—all in violation of the TCPA.

    5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

    6. By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendants also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

## PARTIES

    7. Plaintiff Loretta Williams is a natural person over the age of eighteen (18) and a resident of the San Francisco County, California.

    8. Defendant AFTHA is a Florida limited liability company, with its principal place of business located at 18501 Murdock Circle, Suite 104, Port Charlotte, FL 33948.

    9. Defendant Mark Benyaminov is a natural person and resident of the State of Florida. Mr. Benyaminov is the founder, manager, and CEO of AFTHA.

**JURISDICTION & VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the class consists of over 100 people, at least one member of each class is from a State other than the state of the Defendants, and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

11. This Court has personal jurisdiction over Defendants because they solicit significant business in this District and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants solicit a significant amount of consumer business within this District, Plaintiff resides in this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**COMMON ALLEGATIONS OF FACT**

13. Defendant AFTHA real estate company based in Port Charlotte, Florida. AFTHA claims to provide a proven three step process to guide first time homebuyers through the process of purchasing their own homes.

14. On information and belief, Defendant Benyaminov, at all times relevant to this Complaint, oversaw, controlled, and directed all actions of AFTHA, including the placement of the unsolicited telemarketing calls at issue in this case.

15. Unfortunately for consumers, Defendants cast their marketing net too wide. That is, to promote their business and to generate leads for their real estate related products and services, Defendants conducted (and continue to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited prerecorded calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

16. At no time did Defendants obtain prior express written consent from the Plaintiff and the Class to receive prerecorded calls.

3

17. Defendants knowingly made, and continue to make, telemarketing calls without the prior express consent of the recipients. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the alleged Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

18. Plaintiff Williams is the customary user of a personal cellular telephone number ending in 8453.

19. On December 18, 2021, Williams received a call from AFTHA from the number (862) 212-1127. After Plaintiff failed to answer the call, AFTHA left a voicemail, which featured a prerecorded voice and solicited Plaintiff to purchase AFTHA's real estate products and services. The transcript of the prerecorded voicemail is as follows: "Hi, this is the AFTHA the program we were giving you a call because we understand that you were looking to purchase a home through either traditionally or more creative alternatives like rate to own. If you are still looking to become a homeowner, please feel free to give us a call back at 833-478-1396. Again, this is the AFTHA program, 833-478-1396. We look forward to helping you."

20. When Plaintiff and her counsel listened to the voicemail, they were easily able to determine that it was a prerecorded message. Further, the voicemail was generic in nature and did not include any information regarding either the employee calling or Plaintiff

21. On December 20, 2021, Williams received another call from AFTHA from the number (760) 953-5950. After Plaintiff failed to answer the call, AFTHA left another prerecorded voicemail, which solicited Plaintiff to purchase AFTHA's real estate products and services. The voicemail was identical to the December 18, 2021 voicemail.

22. On December 20, 2021, Williams received another call from AFTHA from the number (862) 357-8297. Once again, AFTHA left a prerecorded voicemail soliciting Plaintiff to purchase its real estate products and services. The voicemail was identical to the December 18, 2021 voicemail.

23. On December 21, 2021, Williams received another call from AFTHA from the number (862) 357-8297. AFTHA left another prerecorded voicemail soliciting Plaintiff to purchase

4

its real estate products and services. The voicemail was identical to the December 18, 2021 voicemail.

24. Plaintiff does not have a relationship with Defendants and has never requested that Defendants place prerecorded calls to her or offer her their services. Simply put, Plaintiff has never provided any form of prior express consent to Defendants to place prerecorded calls to her and has no business relationship with Defendants.

25. Defendants were, and are, aware that the above-described prerecorded calls were made to consumers like Plaintiff who have not consented to receive them.

26. All of the calls at issue in this case were made by Defendants and with their knowledge and approval. To the extent any of Defendants' agents made the calls, the calls were made on Defendants' behalf and with their knowledge and approval and for their benefit. Defendants knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

27. Defendant Benyaminov is the chief executive office, founder, and manager of AFTHA. Benyaminov controls the day-to-day operations of AFTHA.

28. On information and belief, Defendant Benyaminov has personal liability for the calls allegedly made herein because he personally oversaw, directed, and executed the telemarketing and unauthorized solicitation campaign at issue. All calls were made with Benyaminov's oversight for the express benefit of the Defendants.

29. Moreover, on information and belief, Benyaminov was responsible for creating, implementing, and enforcing policies and procedures to ensure comply with the TCPA. Consequently, Defendant Benyaminov's failure to implement policies and procedures to avoid violations of the TCPA further establishes his personal liability.

30. By making unauthorized prerecorded calls as alleged herein, Defendants has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value,

and utility of their telephone plans. Furthermore, Defendants made the calls knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

31. To redress these injuries, Plaintiff, on behalf of herself and Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized prerecorded calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class defined as follows:

> **No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class (1) Defendants, or a third person acting on behalf of Defendants, called; (2) on the person's cellular telephone; (3) for the purpose of selling Defendants' products and services; (4) using an artificial or prerecorded voice; and (5) for whom Defendants claim they obtained prior express consent in the same manner as Defendants claims they obtained prior express consent to call the Plaintiff.

33. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

34. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants (or their agents) has placed prerecorded calls to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of

the Class can be identified through reference to objective criteria, including Defendants' records.

35. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct.

36. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

37. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendants' conduct violated the TCPA;

(b) Whether Defendants systematically made telephone calls to individuals who did not previously provide Defendants and/or their agents with their prior express written consent to receive such phone calls;

(c) Whether Defendants made the calls with the use of an artificial or prerecorded voice message;

(d) Whether any third party placed the calls and, if so, whether Defendants are liable for such calls; and

(e) Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

38. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief

from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the No Consent Class)**

39. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40. Defendants made unsolicited and unwanted prerecorded telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express written consent—in an effort to generate leads for AFTHA's products and services.

41. Defendants failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

42. Defendants made the calls using a prerecorded voice or similar technology.

43. By making prerecorded unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

44. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class

suffered actual damages in the form of monies paid to receive the unsolicited prerecorded telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

45. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing her counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 30, 2022         **LORETTA WILLIAMS**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
         One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com

9

**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*